IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jeffery Brown, | ) | |
| | ) | C/A No. 2:19-cv-573-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Corrections, Warden Cecilia Reynolds, individually and in her official capacity as Warden of Lee Correctional Institution, and Warden Aaron Joyner, individually and in his official capacity as Warden of Lee Correctional Institution, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case arises from alleged incidents of prison violence occurring at Lee Correctional Institution ("LCI") in Bishopville, South Carolina. Originally, this action was filed in state court by several prisoners, including Plaintiff Jeffery Brown ("Brown"), who allege that they were victims of violence by other inmates while housed at LCI. (ECF No. 1-1). Plaintiffs, who are represented by counsel, asserted claims against Defendants South Carolina Department of Corrections ("SCDC"), Warden Cecilia Reynolds, and Warden Aaron Joyner pursuant to 42 U.S.C. § 1983 and state law. *See id*. The action was removed to federal court, (ECF No. 1), and the court severed it into separate actions. (ECF No. 81).[1]

Brown, like each plaintiff in the related actions, alleges that he was assaulted and severely injured by other inmates at LCI and that his injuries were "a direct and proximate result of

---

[1] In the original action, there were seven plaintiffs. (ECF No. 1-1). After dismissing Plaintiff Jabari Moore's § 1983 claims and remanding his remaining claims to state court, the court severed the action into six separate actions, including this one. (ECF No. 81).

Defendant SCDC's gross negligence in failing to employ sufficient correctional officers, failure to enforce its policies and procedures, and in failing to train or retrain its correctional officer to comply with the existing policies and procedures." (ECF No. 21 at 8). Brown also claims that his injuries resulted from the deliberate indifference of Defendants Warden Reynolds and Joyner in that they failed to ensure "that the correctional officers at Lee Correctional institution comply with all SCDC policies and procedures." *Id*.

As for Brown's individual action, he alleged in the original complaint that "[i]n or about March 2017," he was attacked one morning after breakfast by two fellow inmates, suffering a stab wound to his right ear and a scalpel cut to his right arm. (ECF No. 1-1 at 10). Brown alleges that there were no correctional officers in the area where he was assaulted; however, an officer subsequently noticed blood from the attack and sent Brown to the infirmary where a nurse cleaned his wounds, gave him antibiotic cream and ibuprofen, and released him. *Id*.

Defendants filed a global motion for summary judgment in each of the severed actions. (ECF No. 102). As to Brown, Defendants seek summary judgment on all of his claims against all Defendants. (ECF No. 102-1 at 5-6).[2] Defendants contend that there is no evidence that Brown was ever injured as alleged or that he was even housed at LCI when the alleged attack occurred. *Id*. at 6. According to the affidavit of LCI Associate Warden Kenneth Sharp, Brown was not an inmate at LCI in March 2017. (ECF No. 102-2 at 2). Rather, he was transferred from LCI to the Broad River facility on February 23, 2017. *Id.* Brown remained at Broad River until March 2, 2017 when he was transferred to Lieber Correctional. *Id*. Additionally, Defendants note that the

---

[2] As to the other plaintiffs in the related actions, Defendants seek summary judgment only as to their § 1983 claims against Defendant SCDC. (ECF No. 102-1 at 7-10). Therefore, Defendants' motion is styled as a "motion for partial summary judgment." (ECF No. 102). The court has addressed the motion as it pertains to the other plaintiffs by separate order.

record in this case, which includes Brown's 276-page medical file from SCDC, does not reflect that Brown was treated—at LCI or any other facility—for a stab wound to his right ear or a cut to his right arm. (ECF No. 102-1 at 6).[3]

Counsel for plaintiffs in the related actions filed a global response in opposition to summary judgment. (ECF No. 106). In conjunction with this response, Brown submitted an affidavit in opposition to the motion for summary judgment against him, reasserting that his claims are based on an "assault[] by gang members on or about March 1, 2017." (ECF No. 106-7 at 2). Brown argues that his affidavit has created a genuine issue of fact that precludes summary judgment. (ECF No. 106 at 15). Neither the response nor Brown's affidavit, however, addressed Defendants' specific contention that Brown was not housed at LCI in March 2017.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. After conducting a global hearing on the summary judgment motion for all of the related cases, (ECF No. 108), the magistrate judge issued a Report and Recommendation ("Report") recommending that the court grant summary judgment as to Brown's claims and terminate his case. (ECF No. 116 at 8). The Report notes that Brown failed to address Defendants' evidence showing that Brown was not at LCI in March 2017 and that there was nothing in his medical file reflecting treatment for the injuries he alleges in this action. *Id*. at 7-8. The magistrate judge concluded that, "[e]ven construed in the light most favorable to [Brown], the evidence does not create a genuine issue of material fact as to Brown's claims." *Id*. at 8.

---

[3] These records were submitted through Teri Hiott, SCDC's custodian of medical records. (ECF No. 51-2).

3

The parties were advised of their right to file objections to the Report and of the consequences for failing to do so. *Id*. at 13. Brown, however, did not file objections to the magistrate judge's recommended disposition of his claims.[4]

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report, the submissions of the parties and the record in this case, the court finds no clear error. Accordingly, the court **ADOPTS** the Report of the magistrate judge (ECF No. 116) as it pertains to Brown's claims and incorporates it by reference. Accordingly, Defendants' motion for summary judgment as to Brown's claims is **GRANTED** (ECF No. 102).

**IT IS SO ORDERED.**

Anderson, South Carolina
December 19, 2019

s/Timothy M. Cain
United States District Judge

---

[4] Only Defendants filed objections to the Report, challenging the magistrate judge's recommendation that the court deny their request to decline to exercise supplemental jurisdiction over the state law claims against SCDC. (ECF No. 119).